

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas


Dear Sir:

Attention: Mr. R. J. Long:

Opinion No. O-5777
Re: Whether the Secretary
of State has the authority
to approve and file a
charter under the provi-
sions of Subdivision 80,
Article 1302, Vernon's
Annotated Civil Statutes,
when it is the intent of
the corporation to trans-
act its business in this
State.

Your letter of December 20, 1943, requesting the opinion
of this department on the questions stated therein reads as
follows:

"We are enclosing a photostatic copy of
the charter of the above named proposed corpora-
tion, a photostatic copy of our letter of Decem-
ber 10, 1943 addressed to the attorney for the
proposed corporation and a photostatic copy of
the reply we received to our letter.

"The form of the charter is satisfactory
to this office, the necessary filing fees have
been paid and satisfactory evidence has been
furnished relative to the payment of the capital
stock. The only question this department is in
doubt about is whether Sub-Division 80 of Arti-
cle 1302 authorize Texas corporations to be formed
for the transaction of business in this state.

"We are therefore respectfully requesting

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the opinion of your department in answer to the
following questions:

"1. Is this office authorized to
approve and file a charter under
the provisions of Sub-Division
80 of Article 1302 when it is
the intent of the corporation
to transact its business in
this state?

"2. Should this department approve
and file the enclosed charter?"

The purpose clause of the charter of the proposed corpora-
tion reads as follows:

"The purpose for which it is formed is to
buy, own, sell and convey real estate and minerals,
and engage in mining, agriculture and stock rais-
ing, as authorized by Section a, of subdivision
80 of Article 1302 of The Texas Revised Civil
Statutes of 1925."

Subdivision 80 of Article 1302, Vernon's Annotated Civil
Statutes, reads, in part, as follows:

"To do business in any State or foreign
country:

"(a) The establishment of land companies
to buy, own, sell and convey real estate and
minerals, and engage in mining, agriculture and
stock raising.

"* * *

"(e) * * * Any corporation organized here-
under shall only own such real estate in this
State as may be necessary for its office. * * *"

Senate Bill No. 351, Acts of the Twenty-fifth Legislature

Regular Session, 1897, was an act to amend Articles 641 and 642, Chapter 2, Title 21 of the Revised Civil Statutes of Texas, relating to the creation of corporations.

Subsection 39 of said Act reads as follows:

"The establishment of land companies to buy, own, sell and convey real estate in any state or foreign country; but such company shall only own such real estate in this State as may be necessary for its office."

Subdivision 39, supra, was amended by the Twenty-seventh Legislature, Regular Session, 1901, by House Bill No. 435. Said House Bill No. 435, supra, provides, in part, as follows:

"39. For the purpose of doing business in any state or foreign country:

"(a) The establishment of land companies to buy, own, sell and convey real estate and minerals and engage in mining, agriculture and stock raising.

"* * *

"(e) * * * provided, that any corporation organized under the provisions of this subdivision shall only own such real estate in this State as may be necessary for its office. * * *

"Sec. 3. Whereas, many citizens of the State of Texas are desirous of forming corporations for the purpose of engaging in business in Mexico, Cuba, Puerto Rico and the Philippine Islands and various other foreign countries; and whereas, our present corporation laws are inadequate to confer such corporate powers as are necessary to the formation of such companies for the purposes and upon the terms provided in this Act, and are now seeking incorporation in other States of the Union which allow corporations for such purposes, thus depriving the State of Texas of the legitimate revenues that would be derived from the business enterprise of her citizens; and Whereas, the present session of the Legislature is nearing its close, and the calendars of the Senate and House are in a crowded condition,

Therefore, an emergency exists, and imperative
public necessity demands that the Constitutional
Rule requiring bills to be read on three several
days in each House be suspended, and that this
Act take effect and be in force from and after
its passage, and it is so enacted."

Referring to Subdivision 80, Article 1302, Vernon's Anno-
tated Civil Statutes, it is stated in Volume 10, Texas Jurisprudence,
Page 858:

"* * * A domestic corporation may be organiz-
ed for the express purpose of conducting foreign
business; but without the express authorization
of its charter, it may conduct foreign business
so far as it is permitted by the law of the for-
eign state."

In the case of <u>General Motors Acceptance Corporation v.
McCallum, Secretary of State, 10 S. W. (2d) 687</u>, it is said:

"* * * A private corporation has no right
to transact its business in the State without the
authority evidenced in such a way as the State
may direct. A corporation, being an artificial
person, has only such powers as conferred by its
charter, and can only transact its business in
the manner and in the territory permitted by law.
* * *"

By express statutory provisions, the acquisition of land by
a corporation is restricted to the requirements of the corporation
to enable it to do business within the State or to that purchased
by the corporation to secure a debt. (See Article 1359, Vernon's
Annotated Civil Statutes).

Article 1362, Vernon's Annotated Civil Statutes, prohibits
a corporation whose main purpose is the acquisition of land by pur-
chase, lease, or otherwise, from acquiring any land in Texas. Said
statute reads as follows:

"No private corporation heretofore or here-
after chartered or created whose main purpose of
business is the acquisition or ownership of land

by purchase, lease or otherwise, shall hereafter
be permitted to acquire any land within this State
by purchase, lease or otherwise."

Apparently, the main question involved in your request
is whether corporations organized under Subdivision 80, Section
(a), Article 1302, can legally transact business in this State
or whether such provisions of the statute authorize a domestic
corporation to organize for the express purpose of conducting
business in any State other than Texas or foreign countries.

We have failed to find any Texas case directly passing
upon the question under consideration. However, in view of the
foregoing statutes and the emergency clause of House Bill No.
433, supra, it is our opinion that corporations organized and
incorporated under Subdivision 80, Section (a), Article 1302,
are not authorized to transact business in this State. Stated
another way, it is our opinion that corporations organized under
Subdivision 80, Section (a), Article 1302, are authorized to
transact business in some other State or foreign country only
and are not authorized to transact business in this State.

In construing a statute, a court is not restricted to its
body. It may refer to other portions of the Act, that is, the
caption or title, and the preamble and emergency clause.

It is stated in Texas Jurisprudence, Volume 39, Page 227:

"The purpose of an emergency clause is not
to clarify or declare the intention of the Legis-
lature, nor to explain the express language of the
Act, but merely to justify suspension of the Con-
stitutional Rule requiring the bill to be read on
three separate days or to make the act immediately
effective. It may not be invoked for the purpose
or raising an ambiguity in a statute or to control
its plain meaning or purpose. But an emergency
clause may be considered if it sheds light upon
the inquiry and will aid the court in ascertaining
the legislative intent, even though it is not ef-
fective to suspend the Constitutional Rule."

In view of what has been said heretofore, it is our

opinion that both of your questions, as quoted above, should be answered in the negative, and are so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 4, 1944

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:EP